Piper Ellis SNOWTON, Plaintiff—
Appellant,

v.

SAMUEL MERRITT HOSPITAL,
aka Summitt Medical Center,
Defendant—Appellee.

No. 03–15184.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.

Decided Aug. 1, 2003.

Before: LEAVY, HAWKINS, and
RAWLINSON, Circuit Judges.

MEMORANDUM *

Piper Ellis Snowton (Snowton) appeals
an order and final judgment dismissing
Snowton's complaint *sua sponte* under 28
U.S.C. § 1915(e)(2). Snowton's claim was
not stated clearly. Liberally construed,
Snowton's papers claim discrimination un-
der 42 U.S.C. § 1983, and 42 U.S.C.
§ 1985, alleging that the hospital fraudu-
lently concealed facts which would have
supported a cause of action for medical
malpractice. We have jurisdiction and we
affirm.

We review *de novo*. *Barren v. Harring-
ton*, 152 F.3d 1193, 1194 (9th Cir.1998)
(order). Snowton applied for *in forma
pauperis* status. 28 U.S.C. § 1915. Un-
der 28 U.S.C. § 1915(e)(2), the district
court may dismiss an *in forma pauperis*
action *sua sponte* if it appears from the
complaint that the action is frivolous.
Frivolous actions lack an arguable basis in
law or fact. *Neitzke v. Williams*, 490 U.S.
319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338
(1989). Cal. Civ. Proc. § 340(3) sets a one
year statute of limitations for 42 U.S.C.
§ 1983 and 42 U.S.C. § 1985 claims. The
year begins from the date plaintiff learns,
or should have learned, of the basis for the
claim. Snowton learned of the basis for
the claim in 1992. Snowton filed a com-

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

plaint in 2002, over ten years after discovery of the basis for the claimed violations.

To explain the delay, Snowton alleges fraudulent concealment of the basis for her claims. The time limitation of Cal. Civ. Proc. § 340(3) can be tolled. For the time to be tolled, the question is whether Snowton had knowledge of facts, or should have knowledge about the facts sufficient to place her on notice of the facts supporting a claim. *See Migliori v. Boeing North Am. Inc.,* 114 F.Supp.2d 976, 984 (C.D.Cal. 2000).

Snowton claims that *re*-review of the documents she discovered in 1992 revealed fraudulent concealment. Snowton, however, affirmatively states that she discovered her alleged claims upon a reading of the documents she received and reviewed in 1992. Snowton should have known or knew the facts constituting support of the claims in 1992. The statute of limitations is not tolled. Snowton's claims are time barred.

**AFFIRMED.**